**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROSEN FAMILY CHIROPRACTIC, S.C., | ) |
| d/b/a WEST LOOP CHIROPRACTIC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHI-TOWN PIZZA ON DIVISION STREET, INC. | ) |
| d/b/a CHI-TOWN PIZZA EXPRESS | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT -- CLASS ACTION

### INTRODUCTION

1.      Plaintiff Rosen Family Chiropractic S.C., ("Rosen") brings this action to secure redress for the actions of defendant Chi-Town Pizza on Division Street, Inc. in sending out unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") and Conversion (Count III).

### PARTIES

2.      Plaintiff Rosen is a domestic service corporation located in Illinois where it maintains telephone facsimile equipment.

3.      Defendant Chi-Town Pizza on Division Street, Inc. ("Chi-Town")  is an Illinois Corporation.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal

question) and 47 U.S.C. §227(a) (TCPA). Supplemental jurisdiction over the state-law claims exists under 28 U.S.C. § 1367.

5.      This matter in controversy exceeds $5,000,000, as each member of the proposed Class is entitled to up to $500.00 and up to $1,500 in statutory damages for each facsimile that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6.      Plaintiff received the facsimile at issue in this District and defendant transacts business in the District such that venue is proper.

## FACTS RELATING TO CHI-TOWN

7.      On a date within the past proceeding four years, Chi-Town caused an unsolicited fax advertisement to be transmitted to plaintiff's facsimile machine.  This advertisement promoted its services and was sent without plaintiff's knowledge, approval or authorization.

8.      Plaintiff did not give defendant any prior express  invitation or permission to send advertisements to it within 18 months of receipt of the fax.

9.      Plaintiff did not have a prior business relationship with defendant and had not authorized the sending of fax advertisements to it within 18 months of receipt of the faxes.

10.      On information and belief, many of the individuals and entities who received faxes from defendant did not give prior express invitation or permission.

11.      There are no reasonable means for plaintiff or other recipients of defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

12.     Furthermore, the defendant failed to provide the facsimile transmittal header with the information as required by the TCPA.

13.     On information and belief and based on the fact that plaintiff's facsimile is a generic advertisement, defendant disseminated substantially the same fax advertisement not only to plaintiff but also to many other individuals and entities who did not solicit the fax or have a prior relationship with defendant.

## COUNT I  -- VIOLATION OF THE TCPA

14.     Plaintiff incorporates ¶¶1-13.

15.     In order to stop the unending harassment by telemarketers, Congress enacted the TCPA.  Section 227(b)(1)(c) of the TCPA makes it unlawful to send an unsolicited advertisement to a telephone facsimile machine.  Section 227(b)(1)(c) provides in part:

> (b) Restrictions on use of automated telephone equipment
>     (1) Prohibitions
>
>     It shall be unlawful for any person within the United States–
>     ...
>     (c) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine;...

47 U.S.C. §227(b)(1)(c).

16.     The TCPA provides a private right of action for a violation of §227(b), pursuant to which a person or entity may recover $500 for each violation, and treble that amount if defendant willfully or knowingly violated the provision.

17.     The TCPA provides in part:

> (3) Private right of action
>
>         A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(c) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

18.     Defendant violated the TCPA 47 U.S.C. §227(b)(1)(c) by sending unsolicited advertisements to telephone facsimile machines of plaintiff and the putative class members.

19.     Plaintiff and the class members were damaged as a result.  Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and toner consumed as a result.

20.     Unless enjoined from doing so, defendant is likely to commit similar violations in the future as evidenced by the indiscriminate nature of the fax.

**TCPA CLASS ALLEGATIONS**

21.     Plaintiff brings this claim on behalf of two classes

a.      The Without Express Invitation class consists of (a) all persons or entities who (b) without prior express invitation or permission (c) were sent faxes by or on behalf of Defendant promoting its goods or services for sale (d) on or after a date four years prior to the filing of this action (28 U.S.C. 1658) and before a date 20 days following the filing of this action.

      b.      The Opt Out Class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. 1658), and before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

22.      The Without Express Invitation class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the Without Express Invitation class.

23.      There are questions of law and fact common to the Without Express Invitation class, which common issues predominate over any issues involving only individual Without Express Invitation class members. The principal issues are whether the practice described above violates the TCPA.

24.      There are questions of law and fact common to the Without Express Invitation class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

      b.      Whether defendant thereby violated the TCPA;

25.      Both classes are so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of each class based on the generic nature of the faxes and the number of faxes plaintiff received.

26.      There are questions of law and fact common to the Opt Out Class, which common

issues predominate over any issues involving only individual Opt Out class members. The principal issues are whether the practice described above violates the TCPA.

27.     There are questions of law and fact common to the Opt Out class that predominate over any questions affecting only individual class members. The predominant common questions include:

       a.     Whether defendant engaged in a pattern of sending fax advertisements that did not include the required opt out notice;

       b.     Whether defendant thereby violated the TCPA;

28.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

29.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

30.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

32. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and actions involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

33. Numerous courts have certified class actions under the TCPA. *Hinman v. M and M Rental Center* Inc., 545 F. Supp. 2d 802 (N.D. Ill. 2008); *Brill v. Countrywide Home Loans, Inc.,* 05 C 2713 (N.D. Ill. June 28, 2006); *Overlord v. Wheaton-Winfield dental Association Ltd.*, 04 CH 01613, (Ill. Cir. Cook County); *Whiting v SunGard*, 03 CH 21135,(Ill. Cir. Cook County); *Whiting v. GoIndustry*,03 CH 21136 (Ill. Cir. Cook County); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003) (same); *Dubsky v. Advanced Cellular Communications, Inc.*, 2003 CV 652, 2004 WL 503757 (Ohio C.P. Feb. 24, 2004); *Biggerstaff v. Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); *Biggerstaff v. Marriott International, Inc.*, 99-CP-10-001366 (S.C. C.P., Feb 20, 2000) (same); *Chaudhry v. Bonneville International Corp., d/b/a KDGE/KZPS* (Dist. Ct. Tex., March 10, 1997)(same); *Coontz v. Nextel Communications*, No. C- 200100349 (Dist. Ct. Tex.)(same); *Gold Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); *Jemiola v. XYZ Corp.*, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); *Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same); *WPS, Inc. v. Lobel Financial, Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); see *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action) *Gans v. Seventeen Motors, Inc.*, No. 01-L-478 (Ill. Cir., St. Clair County, Sept. 19, 2002).

34.     A class action is an appropriate means of adjudicating this dispute, in that:

a.      Most consumers or entities are probably unaware of the violation.

b.      Individual actions are not economically feasible.

c.      Judicial economy is best served by a class action.

WHEREFORE, plaintiff requests the following relief in favor of plaintiff and the class:

a.      Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unsolicited fax advertising;

d.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

35.     Plaintiff incorporates ¶¶ 1-32.

36.     Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

37.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and toner consumed as a result.

38.     Defendant engaged in such conduct in the course of trade and commerce.

39.     Defendant engaged in such conduct knowing that it was thereby causing recipients of its advertising to bear the cost thereof. Defendant reaped the gains of substantial advertising costs, including paper, postage and the time to send mass mailings by shifting its advertising costs onto plaintiff and the class members.

40.     Defendant's shifting of its advertising costs to plaintiff in this manner makes its practice unfair.

41.     Defendant's conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong Edward Markey, 135 Cong. Rec. E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

42.     In addition, defendant's conduct was contrary to public policy, as established by the TCPA and Illinois law.  In Illinois, it is an offense to send unsolicited facsimile advertisements.  720 ILCS 5/26-3.

43.     On information and belief, defendant knowingly and deliberately  engaged in unlawful acts.

44.     Unless enjoined from doing so, defendant is likely to commit similar violations in the future.

## ICFA CLASS ALLEGATIONS

45.     Plaintiff brings this claim on behalf of a class. The ICFA Class consists of (a) all persons or entities who (b) without prior express invitation or permission (c) were sent faxes by or on behalf of Defendant promoting its goods or services for sale (d) on or after a date three years prior to the filing of this action and before a date 20 days following the filing of this action.

46.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 50 members of the class.

47.     There are questions of law and fact common to the class, which common issues

predominate over any issues involving only individual class members. The predominant common questions include:

        a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

        b.      Whether defendant thereby violated the TCPA;

        c.      Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

48. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

49. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

50. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

52. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and actions involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

53.     A class action is an appropriate means of adjudicating this dispute, in that:

        a.     Most consumers or entities are probably unaware of the  violation.

        b.     Individual actions are not economically feasible.

        c.     Judicial economy is best served by a class action.

WHEREFORE, plaintiff requests  the following relief in favor of plaintiff and the class:

        (1)     Actual damages;

        (2)     Punitive damages;

        (3)     An injunction against the further transmission of unsolicited fax advertising;

        (4)     Attorney's fees, litigation expenses and costs of suit;

        (5)     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

54.     Plaintiff incorporates ¶¶ 1-51.

55.     By sending unsolicited fax advertisements to plaintiff and the class  members, defendant converted to its own use toner and paper belonging to plaintiff and the class members.

56.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and toner used to print the faxes.

57.     By sending the unsolicited faxes, defendant appropriated to its own use the paper and

toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

58.     Defendant knew that its appropriation of the paper and toner was wrongful and without authorization.

59.     Plaintiff and the class members were deprived of the paper and toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

60.     Unless enjoined from doing so, defendant is likely to commit similar violations in the future.

## CLASS ALLEGATIONS

61.     Plaintiff brings this claim on behalf of a class. The Conversion Class consists of (a) all persons or entities who (b) without prior express invitation or permission (c) were sent faxes by or on behalf of Defendant promoting its goods or services for sale (d) on or after a date five years prior to the filing of this action and before a date 20 days following the filing of this action.

62.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

63.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.     Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendant's practice constitutes common law conversion;

c.     Whether defendant thereby committed the tort of conversion;

d.     Whether defendant thereby engaged in common law conversion.

64.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

65.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

66.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter  judgment in favor of plaintiff and the class and against defendant for:

a.      Actual damages;

b.      Punitive damages;

c.      An injunction against the further transmission of unsolicited fax advertising;

d.      Costs of suit;

e.      Such other or further relief as the Court deems just and proper.

Respectfully Submitted
Rosen Family Chiropractic S.C., Plaintiff


/s/Keith J. Keogh
By its attorney


Keith J. Keogh
Craig Shapiro
Timothy Sostrin
KEOGH LAW, LTD.
101 N. Wacker Dr., Suite 605
Chicago, Il 60606

312.726.1092
312.726.1093 (fax)
Keith@KeoghLaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to plaintiff or the putative class members, or the sending of faxes, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim.

If defendant is aware of any third party such as **EFAX.COM** that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

Rosen Family Chiropractic S.C., Plaintiff

/s/Keith J. Keogh
By its attorney

## NOTICE OF ATTORNEYS LIEN

PLEASE TAKE NOTICE that plaintiff has assigned to his attorneys all rights conferred by statute or rule to recover attorneys fees from Defendant.

/s/Keith J. Keogh
By its attorney